Ruiz v Selzer (2020 NY Slip Op 05835)





Ruiz v Selzer


2020 NY Slip Op 05835


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Index No. 24949/14E Appeal No. 12082 Case No. 2019-4708 

[*1]Rosemarie Ruiz, as the Attorney-in-Fact for Milagros Burgos, Plaintiff-Appellant,
v
Jonathan Selzer, M.D., et al., Defendants-Respondents.


Karentsel & Guzman, LLP, New York (Marcia K. Raicus of counsel), for appellant.
McAloon & Friedman, P.C., New York (Roya Namvar of counsel), for Jonathan Selzer, M.D., respondent.
Turken, Heath & McCauley, LLP, Armonk (Andrew D. Heath of counsel), for Jaya Saxena M.D. and Montefiore Medical Center, respondents.



Appeal from order, Supreme Court, Bronx County (George J. Silver, J.), entered May 21, 2019, which granted defendants' separate motions to dismiss the complaint, deemed an appeal from the judgment, same court and Justice, entered June 7, 2019, dismissing the action, and, as so considered, unanimously affirmed, without costs.
The motion court providently exercised its discretion in dismissing the complaint pursuant to CPLR 3126 based on plaintiff's failure to comply with her discovery obligations. Plaintiff asserts that she has complied with all of her discovery obligations, but fails to respond to defendants' specific allegations of deficiencies. The record reflects that, although plaintiff did provide at least some discovery, some of it was provided belatedly or in improper form, there are still missing items, and depositions have never been completed. Moreover, plaintiff's failure to comply with her discovery obligations has been the subject of multiple prior motions to dismiss, good faith letters, and discovery stipulations and orders. As such, willfulness may be inferred (see Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]).
We need not reach the parties' additional arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020